FILED
MAY 10 2018
Clerk, U S. District & Bankruptcy
Courts for the District of Columbia

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

William Hugh Collington,   )
                           )
    Plaintiff,              )
                           )
v.                          )   Civil Action No. 18-863 (UNA)
                           )
                           )
District of Columbia        )
Housing Authority et al.,   )
                           )
    Defendants.             )

MEMORANDUM OPINION

This matter is before the Court on its initial review of plaintiff's *pro se* complaint and application for leave to proceed *in forma pauperis* ("IFP"). The Court will grant the IFP application and dismiss this action in part for lack of subject matter jurisdiction and in part for failure state a claim upon which relief may be granted.

Plaintiff, a District of Columbia resident, sues the District of Columbia Housing Authority (DCHA) and the United States Department of Housing and Urban Development (HUD), as a participant of the subsidized Housing Choice Voucher Program under Section 8 of the National Housing Act of 1937. Plaintiff alleges that the defendants failed to comply with HUD's pre-inspection guidelines, which resulted in, among other problems, his leasing of a substandard apartment.

1. Subject Matter Jurisdiction

Federal Rule of Civil Procedure 12(h)(3) requires the court to dismiss an action "at any time" it determines that subject matter jurisdiction is wanting. Such is compelled with regard to

1

plaintiff's claims against HUD. "Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute," and it is "presumed that a cause lies outside this limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted). Under Article III of the Constitution, federal courts "may only adjudicate actual, ongoing controversies," *Honig v. Doe*, 484 U.S. 305, 317 (1988), of which "the core component of standing is an essential and unchanging part[,]" *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992). In order to satisfy the standing requirement, a plaintiff must establish at a minimum (1) that he has "suffered an injury in fact—an invasion of a legally protected interest which is (a) concrete and particularized; and (b) actual or imminent, not conjectural or hypothetical"; (2) that "a causal connection" exists "between the injury and the conduct complained of . . ., and [is] not the result of the independent action of some third party not before the court"; and (3) that the injury will "likely" be redressed by a favorable decision. *Id.* at 560-61 (alterations, internal quotation marks, and citations omitted). "[T]he defect of standing is a defect in subject matter jurisdiction." *Haase v. Sessions*, 835 F.2d 902, 906 (D.C. Cir. 1987).

"Although HUD funds the federal housing subsidy program, the Section 8 Program is ultimately administered by state and local housing authorities," such as DCHA. *Robbins v. United States Dep't of Hous. & Urban Dev.*, 72 F. Supp. 3d 1, 3–4 (D.D.C. 2014), *aff'd sub nom. Robbins v. Castro*, No. 14-5298, 2015 WL 3372527 (D.C. Cir. May 6, 2015) (citing 42 U.S.C. § 1437(f); 24 C.F.R. § 982.151; 24 C.F.R § 982.51)); *see also Robinson v. D.C. Hous. Auth.*, 660 F. Supp. 2d 6, 8-9 (D.D.C. 2009) ("The [local] Authority is the public housing agency for the District of Columbia. The Authority is governed by federal regulations promulgated by HUD, as well as by local regulations[.]") (citing D.C. Code § 6-202; 24 C.F.R. § 982; D.C. Mun. Regs. tit.

2

14, § 8900")). DCHA is "an independent authority of the District government," which "govern[s] public housing and implement[s] the Housing Act of 1937." D.C. Code Ann. § 6-202(a), (b). Disputes arising from the program's implementation must be addressed by that authority, since "HUD is not a party to the housing assistance contracts of Section 8 participants." *Robbins*, 72 F. Supp. 3d at 6 (citing 24 C.F.R. § 982.305). Therefore, the complaint against HUD will be dismissed for lack of standing. *See id.* at 7 ("Ultimately, HUD cannot provide Ms. Robbins relief for the claims she advanced, which are 'local law matters over which this Court has no independent jurisdiction.' ") (quoting *Patterson v. D.C. Hous. Auth.*, 691 F. Supp. 2d 117, 119 (D.D.C. 2010)).

2. Failure to State a Claim

Plaintiff has not invoked the Constitution or a federal law or treaty. The only plausible source of a federal claim is the Fair Housing Act. That Act creates a private cause of action for "an alleged discriminatory housing practice," 42 U.S.C. § 3613, which "means an act that is unlawful under section 3604, 3605, 3606, or 3617 of this title," *id.* § 3602. All of those sections prohibit discrimination based on race, color, religion, sex, familial status, or national origin, which the instant complaint simply does not allege. Hence, this case will be dismissed. A separate order accompanies this Memorandum Opinion.

Date: May  10 , 2018                                  United States District Judge